1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN RAY DYNES, | Case No. 1:07-cv-1599 AWI TAG |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT (Doc. 1) |
| KERN COUNTY SUPERIOR COURT, Delano Branch, | |
| Defendant. | |

On November 1, 2007, Plaintiff John Ray Dynes ("Dynes"), a state prisoner proceeding pro se, filed the instant civil rights action, 42 U.S.C. § 1983. (Doc. 1). The matter has been referred to the Magistrate Judge pursuant to § 636(b)(1) and Local Rule 72-302.

**LEGAL FRAMEWORK**

**Title 28, Section 1915A(b) Screening**

Under 28 U.S.C. § 1915A(b), this Court must "screen" a prisoner's complaint to determine whether the case should be dismissed because, among other things, it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b).

A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-1228 (9th Cir. 1984). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Neitzke, 490 U.S. at 325; Franklin, 745 F.2d at 1228. The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964,

1

968 n.1 (11th Cir. 1986).  A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, <u>Crisafi v. Holland</u>, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, <u>id.</u>; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, <u>Horsey v. Asher</u>, 741 F.2d 209, 212 (8th Cir. 1984).

**Federal Rule of Civil Procedure 8(a)**

During the screening process, this Court also considers whether the plaintiff has complied with Federal Rule of Civil Procedure 8(a), which requires that:

> A [complaint] contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed.R.Civ.P. 8(a).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).

**Civil Rights Act, 42 U.S.C. § 1983**

To warrant relief under the Civil Rights Act, a plaintiff must allege and show that the defendant's acts or omissions caused the deprivation of his constitutionally protected rights. <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1993).  In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution of the United States.  <u>Paratt v. Taylor</u>, 451 U.S. 527, 535 (1981), <u>overruled in part on other grounds</u>, <u>Daniels v. Williams</u>, 474 U.S. 327, 330-331 (1986).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." <u>Johnson v. Duffy</u>,

1    588 F.2d 740, 743 (9th Cir. 1978).

2    **ANALYSIS AND DISCUSSION**

3    In his complaint, Dynes alleges that Defendant, the Delano Branch of the Kern County Superior

4 Court (the "Superior Court"), violated his civil rights and his due process rights under the Fifth

5 Amendment of the United States Constitution when Superior Court Judge Robert Tafoya ("Judge

6 Tafoya"), who is named as a defendant in the body of Dynes' complaint, denied Dynes' request to

7 proceed in his state small claims action without paying the requisite filing fees, i.e., in forma pauperis

8 ("IFP").  (Doc. 1).  Dynes is attempting to pursue a small claims case against two correctional officers

9 whom he also names as defendants in the body of his complaint, and who are the named defendants in

10 his excessive force § 1983 action currently pending in this Court.  (Id. at 2-3); see Dynes v. Medina, et

11 al., Case No. 1:07cv1359-LJO-WMW.  Dynes requests that his small claims action proceed against the

12 two correctional officers and that he be awarded $3,750 from each officer, adding that the state court

13 may collect any costs and  fees he owes, from his judgment in this case. (Id. at 6).

14 **Immunity**

15    The only defendant identified in the caption of Dynes' complaint is the Superior Court, which,

16 as a state entity, cannot be sued in federal court pursuant to the Eleventh Amendment.  See, e.g.,

17 Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003)(Eleventh

18 Amendment bars suit against state superior court); Hyland v. Wonder, 117 F.3d 405, 413 (9th Cir.

19 1997)(California Superior Court is a state agency), amended, 127 F.3d 1135 (9th Cir. 1997); Greater Los

20 Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 & n.10 (9th Cir. 1987)(Eleventh

21 Amendment bars suit against Superior Court of California regardless of relief sought); Pobursky v.

22 Madera County, No. 07-cv-0611, 2007 WL 2023529, *8 (E.D. Cal. July 12, 2007)(California Superior

23 Court is a state agency) (citations omitted).  Accordingly, to the extent that Dynes is bringing a § 1983

24 action in this Court against the Superior Court, his action should be dismissed with prejudice.[1]

25 The body of Dynes' complaint alleges that Judge Tafoya, in his official and individual capacities,

26

27    [1] Although the Delano Branch of the Kern County Superior Court is the captioned defendant, Dynes does not make any allegations against it.  (See Doc. 1).

28         3

1  deprived Dynes of his constitutional rights by denying him the right to proceed with his state small

2  claims action IFP. (Doc. 1, pp. 2-3). A judge is absolutely immune from civil liability for damages for

3  acts performed in his judicial capacity. Forrester v. White, 484 U.S. 219, 226-228 (1998); Imbler v.

4  Pachtamn, 424 U.S. 409, 423 n. 12 (1976); Pierson v. Ray, 386 U.S. 547, 553-555 (1967)(applying

5  judicial immunity to actions under 42 U.S.C. § 1983); Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th

6  Cir. 1988). Judicial immunity is a "sweeping form of immunity" that insulates judges from charges of

7  error or irregularity, even when the judge is accused of acting with malicious or corrupt motives or of

8  committing grave procedural errors. Forrester, 484 U.S. 219, 226-228 (1998); Stump v. Sparkman, 435

9  U.S. 349, 359 (1979). "A judge will not be deprived of immunity because the action he took was in

10  error, was done maliciously, or in excess of his authority; rather, he will be subject to liability only when

11  he has acted in the 'clear absence of all jurisdiction.'" Stump, 435 U.S. at 356-357 (citation omitted).

12  Judicial immunity includes immunity from suit for damages. See Mireles v. Waco, 502 U.S. 9, 11

13  (1991).

14        Whether a judge's act is a judicial one depends on the nature and function of the act and the

15  expectations of the parties. When a judge performs an act that is normal judicial function, and when

16  the parties deal with the judge in his official capacity, the judge's act is a judicial one and the judge is

17  immune from civil liability. Stump, 435 U.S. at 362. Ruling on a motion or request before the court is

18  a normal judicial function performed by a judge in his official capacity. See Duvall v. County of Kitsap,

19  260 F.3d 1124, 1133 (9th Cir. 2001). Here, Dynes' § 1983 claim against Judge Tafoya is based on the

20  contention that Judge Tafoya denied Dynes' request to proceed in a state court small claims action

21  without paying the requisite filing fees. Judge Tafoya is entitled to judicial immunity because his act

22  of ruling on a party's fee waiver request was judicial in nature and was not done in the clear absence of

23  all jurisdiction. Accordingly, the Court recommends that Dynes' claim against Judge Tafoya be

24  dismissed with prejudice.

25  **State Claim**

26        The filing of a small claims complaint commences in the Small Claims Court, a division of the

27  California Superior Court, and constitutes a state, not a federal, action. See CAL. CODE CIV. PROC., Part

28                                        4

1, Title 1, Chapters 4 and 5.5.  The underlying purpose of small claims cases is "to dispense justice promptly, fairly, and inexpensively."  Bricker v. Superior Court, 133 Cal.App.4th 634, 637 (Cal.App.1 Dist. 2005)(citing Cal. Code Civ. Pro. § 116.510).  Prior to October 14, 2007, section 116.230 of the California Code of Civil Procedure, which addresses filing fees in Small Claims Court, did not contain a provision concerning the requirements or method of application for proceeding IFP.  See CAL. CIV. PROC. CODE § 116.230 (2006).  This omission, combined with the amended version of section 116.230 that details how an individual can apply to proceed IFP in a small claims action,[2] supports the conclusion that an indigent party may apply for leave to proceed IFP in Small Claims Court pursuant to CAL. CIV. PROC. CODE § 3.52 and CAL. GOV'T CODE § 68511.3, which sections apply to cases filed in the Superior Court generally.

Dynes states that he first filed a state small claim action on May 31, 2007, adding that it was dismissed during a September 2007 hearing because he had not served the defendants – the two correctional officers.  (Doc. 1, p. 5).  Dynes does not state whether the dismissal was with or without prejudice.  (Id.).  According to Dynes, he re-filed his small claims complaint on October 18, 2007, but he was not allowed to proceed IFP and, because he is indigent, he could not proceed with his October 18 small claims action against the correctional officers.  (Doc. 1, p. 5).

Dynes' primary allegation in the instant federal complaint is that the Superior Court and Judge Tafoya denied him leave to proceed IFP in a state court small claims action, presumably in violation of various California Civil and Government Rules.  Dynes appears to be trying to appeal a state court order, a procedure that is more appropriate through the state court, not the federal court.  Moreover, allegations that a defendant violated state laws or regulations do not provide a cause of action under 42 U.S.C. § 1983.  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997).  Accordingly, Dynes' claims that the Superior Court and  Judge Tafoya erred under state law should be dismissed from this federal action.

///

---

[2] See 2007 California Assembly Bill No. 1248 (NS), CA LEGIS 738, § 4(c) (2007), approved by the Governor on October 14, 2007.

**Due Process Claim**

In the instant § 1983 action, Dynes complains that his Fifth Amendment due process rights were violated when he was prevented from proceeding with his small claims action.  (Doc. 1).  The Fifth Amendment provides, in pertinent part, that the "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law."  U.S. CONST., amend. V.  The Fourteenth Amendment rendered these constitutionally protected due process rights applicable to the states.  U.S. CONST., amend. XIV, § 1; Koloa Marketplace, LLC v. County of Kauai, No. 06-00570, 2007 WL 2247797, *12 (D.Hawaiʻi July 31, 2007).

The Due Process Clause guarantees procedural and substantive due process.  Procedural due process "protects individuals against the deprivation of liberty or property by the government without due process."  Urbina v. Carson, 2007 WL 2814652 at *6 (E.D. Cal. September 25, 2007)(citation omitted).  Substantive due process protects individuals against arbitrary, capricious, or excessive action by the government, and "bar[s] certain government actions regardless of the fairness of the procedures used to implement them."  County of Sacramento v. Lewis, 523 U.S. 833, 840 (1998)(citations omitted). In order to allege a cognizable § 1983 claim based on procedural due process, the plaintiff must contend "(1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir.1987).  In order to allege a cognizable § 1983 claim based on substantive due process, a plaintiff must allege that the state or government's action was arbitrary, capricious, or excessive, and that the plaintiff has a Constitutionally protected interest.  See Urbina, 2007 WL 2814652 at *5.

In the instant case, Dynes alleges that his due process rights were violated because the Superior Court and Judge Tafoya denied him the opportunity to proceed with his state small claims action against two correctional officers without paying the filing fees. (Doc. 1, p. 5).  Dynes identifies correctional officers Juan Medina and David Williams as additional defendants in the body of his complaint, but does not implicate them in the fee waiver denial or provide a factual basis for his claims against them. Dynes, thus, does not satisfy the requirements set forth in Federal Rule of Civil Procedure 8(a).  Moreover,

6

currently pending in this Court is Dynes' § 1983 complaint against correctional officers Medina and Williams.  (See Case No. 1:07-cv-1359 LJO WMW.)  Dynes'  pending § 1983 action against correctional officers Medina and Williams was filed in the United States District Court for the Central District of California on August 29, 2007 and was transferred to this Court on September 17, 2007. (See Case No. 1:07-cv-1359 LJO WMW, docket entries 1, 2.)

In the instant case, Dynes fails to allege any rights that could be vindicated via a § 1983 action, and, as addressed above, his claims regarding the fee waiver denial are against parties immune from federal suit or from whom he cannot gain relief in a § 1983 action.  It is, therefore, recommended that the Fifth Amendment and due process violations alleged in Dynes' complaint be dismissed with prejudice.

## CONCLUSIONS AND RECOMMENDATIONS

As discussed above, Dynes' § 1983 complaint fails to set forth allegations against defendants who either are entitled to immunity or whose rulings should be appealed in the state court, if at all.  To the extent that Dynes alleges that his due process rights were violated, he has failed to specify how the denial of leave to proceed in forma pauperis in a state small claims action deprives him of liberty or property without due process of law such that it constitutes the deprivation of a right secured to him under the Fifth or Fourteenth Amendments to the United States Constitution that a § 1983 could remedy. Moreover, given that Dynes has set forth only a violation of rights purportedly pertaining to a state court action, his complaint is devoid of any viable allegations of harm that would entitle him to relief under a § 1983 action.

IT IS HEREBY RECOMMENDED THAT:

1.  Plaintiff John Ray Dynes' Complaint (Doc. 1) be DISMISSED with prejudice; and

2.  The Clerk of the Court is DIRECTED be directed to close this case.

These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty (20) days after being served with a copy, any party may file written objections with the court and

7

serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **November 28, 2007**                           **/s/ Theresa A. Goldner**
——                                                     UNITED STATES MAGISTRATE JUDGE